O'Rourke *v.* City of Orange.

---

CATHERINE O'ROURKE

*v.*

CITY OF ORANGE et al.

In a suit brought by the abutting owner on the west side of a street, which has been dedicated, but not publicly occupied, for an injunction to restrain defendants from depositing material, to be used in the construction of a public sewer, on any portion of the street, a preliminary injunction will not be granted as to the east half, when it appears that the sewer is being constructed four feet east of the centre line of the street, and that the complainant will have an unobstructed use of nineteen feet on the west side thereof, and the entrance to his land is on another street.

On order to show cause.

Mr. *John W. Taylor*, for the complainant.

Mr. *Frederic W. Stevens*, for the defendants.

GREEN, V. C.

An order to show cause, with an *ad interim* restraint, was granted, enjoining the defendants, who are engaged in the construction of a sewer on Standish avenue, in West Orange township, from encroaching on the complainant's property or from depositing materials &c. on any portion of the street.

The complainant is the owner of the whole of the block on the westerly side of the avenue.

The avenue has been laid out and dedicated, but has not been publicly accepted; it has been, to a certain extent, graded and improved at the personal cost of the complainant; it is fifty feet wide, being thirty feet between the curb lines.

The defendants do not resist the injunction so far as it applies to the westerly half of the avenue, but contend that an injunction should not go to restrain their operations on the easterly side of the avenue.

Complainant's deed, by construction, carries his title to the middle of the avenue; his right over the remaining portion of the street is an easement, a right of way over the whole width.

It appears by the affidavit presented by the defendants that the sewer, as it is being constructed, runs on a line parallel with the centre line of the avenue, four feet easterly thereof, leaving a clear and unobstructed roadway of nineteen feet. The entrance to complainant's coal yard is from another street.

It does not appear but that the nineteen feet is sufficient for the travel of the public and of complainant, and in the absence of proof to the contrary will be presumed to be so.

In *Stevens* v. *Railroad Co., 5 C. E. Gr. 126, 134,* relied on by counsel for the complainant, the chancellor says, referring to *Pruden* v. *Railroad Co., 5 C. E. Gr. 530 :* "So far, therefore, at least, as incorporeal property or rights or easements are con-

cerned, it determines that an injunction cannot issue to prevent the land on which these rights exist from being taken and the rights themselves destroyed, without compensation first made, but the party aggrieved must first resort to his remedy at law." And (at *p. 138*): "In the present case, for anything that is alleged or proved, the complainant may have sufficient access to his lands by a road in the rear, or on the side, as in *Pruden's Case.* It does not appear that he is cut off from such access." Partly on these grounds he refused the injunction.

In the *Morris and Essex Railroad Co.* v. *Pruden,* Judge Depue, in delivering the opinion in the court of errors and appeals (*5 C. E. Gr. 540*), says : " The construction of an additional track, occupying a width of eleven feet, cannot add much to the inconvenience to which he was subjected by the occupation of the street by the single track. A clear and unobstructed roadway of twenty-nine feet is left to admit access to his premises. The retention of the injunction will be of little benefit to the complainant, while it will work serious annoyance to the defendants. An injunction ought not to be granted where the benefit secured by it to one party is but of little importance, while it will operate oppressively and to the great annoyance and injury of the other party, unless the wrong complained of is so wanton and unprovoked in its character as properly to deprive the wrong-doer of the benefit of any consideration as to its injurious consequences. The defendants will not occupy, with the proposed track, any of the complainant's lands. For the contingent and consequential damages he may suffer from any unlawful interference with his enjoyment of his property, he has his remedy by action at law whenever and as often as loss or damage ensues ; and if the use of a railroad in front of his premises becomes a nuisance, or the aggression proves to be a permanent injury, without an adequate remedy at law, then the court will be competent to administer equitable relief by injunction to prevent its continuance or for its removal. But a strong case must be presented, and the impending danger must be imminent and impressive to justify the issuing of an injunc-

O'Rourke v. City of Orange.

tion as a precautionary and preventive remedy." And the order of injunction which had been granted was reversed.

The chief-justice, in *Higgins* v. *Flemington Water Co., 9 Stew. 538* (at *p. 544*), in answer to the position taken in behalf of the defendants, that if the subtraction of water in that case was held to be wrongful with respect to the complainant, still a court of equity would not give relief by way of injunction, but would leave the parties injured to their remedy at law, says: "If this were an application for a preliminary injunction, it is clear that an objection of this kind should prevail, for the act which the defendant threatened to do is obviously not of a character to inflict any irreparable injury."

In *Booraem* v. *Railroad Company, 13 Stew. Eq. 557*, the easement of right of way of the complainant over a strip of land which had been dedicated as a public street, but which had not been accepted by the public and was not in a condition to be used, was alleged to be in danger of obstruction by the erection of the defendants' elevated railway. It differs from this case only in this, that Standish avenue is in fact opened and has been worked for travel, which is practically only a difference of degree in the amount of inconvenience which may result to the complainant from the acts of the defendant.

In that case Judge Depue, in the court of errors and appeals, on an appeal from an order discharging an order to show cause for an injunction and dissolving the *interim* stay (at *p. 565*), says: "An injunction, if granted, would have seriously interfered with the construction of the public work in which the company was engaged. The complainant's lands are unimproved, and access to them for present convenience can be had by another way. There is, therefore, no urgent necessity for present interference by the use of the injunction power. * * * A preliminary injunction is never granted unless the act threatened to be done will inflict irreparable injury on the complainant."

See, also, *Quackenbush* v. *Van Reiper, 2 Gr. Ch. 350.*

The complainant's right in the easterly half of Standish avenue is a mere easement, the enjoyment of which, if interrupted by the threatened acts of the defendant, can but little inconveni-

ence the complainant, in view of the fact that he still has an unobstructed passage or roadway of nineteen feet, while an injunction at this time will stop the construction of a work of public improvement.    The preliminary injunction should, therefore, be denied so far as the easterly half of Standish avenue is concerned.